UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
DORALIZA PERDOMO, individually and on behalf of :
others similarly situated, :
:
Plaintiff, :
: 19-cv-03546-ARR-SJB
-against- :
: OPINION & ORDER
FIRSTSOURCE ADVANTAGE, LLC, :
:
Defendant. :
:
------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff Doraliza Perdomo ("Perdomo" or "plaintiff") brings this putative class action against defendant Firstsource Advantage, LLC, ("Firstsource" or "defendant"), a debt collector. Plaintiff alleges that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by sending her a false, deceptive or misleading debt collection letter. Defendant has moved to dismiss the complaint on the ground that plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, defendant's motion to dismiss is granted.

## BACKGROUND

On July 24, 2018, defendant sent plaintiff a debt collection letter. Compl. ¶¶ 31-32, ECF No. 1. The letter states as follows:

 If you pay $273.56 by 08-24-18, we will consider your account settled and collection efforts will stop on the remaining balance.
 Upon receipt and clearance of your payment, we will notify the creditor listed above so they can update their records accordingly.
 Kindly note that we have the right to treat any missed, late, or returned payment as a cancellation of the agreement.

1

Compl., Ex. 1 ("Collection Letter").

On June 17, 2019, plaintiff filed this complaint alleging that the collection letter violates 15 U.S.C. §§ 1692e and 1692e(10) because it is "open to more than one reasonable interpretation" and "is reasonably susceptible to an inaccurate reading by the least sophisticated consumer." Compl. ¶¶ 45–46. Plaintiff brings this action individually and on behalf of a class of consumers who were sent a substantially similar collection letter by defendant. *Id.* ¶¶ 48–49.

These claims stem primarily from the letter's statement that "If you pay $273.56 *by* 08-24-18, we will consider your account settled and collection efforts will stop on the remaining balance." *Id.* ¶¶ 39–44 (emphasis added). According to plaintiff, this language is misleading under the FDCPA because it raises a question as to "whether the payment must be sent by the consumer, or received by the Defendant, by the stated deadline." *Id.* ¶¶ 41–43.

Defendant has moved to dismiss for failure to state a claim under Rule 12(b)(6).

## DISCUSSION

On a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the non-moving party. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). Thus, in deciding defendants' motion to dismiss, the court must accept the facts alleged in plaintiff's amended complaint as true. The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Only "a plausible claim for relief survives a motion to dismiss." *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 476 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)).

Under the FDCPA, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, a debt collector may not falsely represent "the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). Nor may a debt collector "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10). Whether a collection letter violates § 1692e is judged by the objective "least sophisticated consumer" standard. *Avila v. Reixinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). This test "ask[s] how the least sophisticated consumer—'one not having the astuteness of a "Philadelphia lawyer" or even the sophistication of the average, everyday, common consumer'—would understand the collection notice." *Avila*, 817 F.3d at 75 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Id.* (quoting *Clomon*, 988 F.2d at 1319). A statement in a collection notice must be *materially* false or misleading to be actionable under the FDCPA. *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018).

Here, the alleged ambiguity stems primarily from the letter's statement that "If you pay $273.56 *by* 08-24-18, we will consider your account settled and collection efforts will stop on the remaining balance." Compl. ¶¶ 39–44 (emphasis added). According to plaintiff, this phrasing is ambiguous because it "fails to state whether the payment must be sent by the consumer, or received by the Defendant, by the stated deadline." *Id*. 41–45. In plaintiff's view, the letter could have two interpretations: (1) the payment must be sent by 08-24-18, *or* (2) the payment must be received by 08-24-18. *Id.*

3

Defendant argues first, that the letter is not "false, deceptive or misleading." Def.'s Br. 4. Defendant states "'Only a consumer in search of an ambiguity, and not the least sophisticated consumer relevant here,' would interpret the payment date in the manner advocated for by Plaintiff." *Id.* at 1 (quoting *Taylor v. Financial Recovery Services, Inc.*, 252 F.Supp.3d 344, 352 (S.D.N.Y. 2017), *aff'd in* 886 F.3d 212 (2d Cir. 2018)). Defendant further notes that the "mailbox rule" requires the debt collector to accept any payment sent by the payment date as a matter of law. *Id.* at 6.

Second, defendant argues that to the extent there is any ambiguity in the letter, there is no FDCPA violation because the ambiguity is not material. *Id.* at 7 (citing *Cohen*, 897 F.3d at 85). To be actionable under the FDCPA, an alleged misleading statement must have "the potential to affect the decision-making process of the least sophisticated [consumer]." *Cohen*, 897 F.3d at 85 (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015). Here, the purported ambiguity would "affect[] only the payment mailing date by a few days," not the consumer's decision-making process with regards to accepting or rejecting the discount offer. Def's Br. 8-9. Furthermore, defendant states that the ambiguity could not be material because "*both* interpretations of the term 'by 08-24-18' lead to the same result: the payment would be legally accepted as timely by Defendant." *Id.* at 10.

Plaintiff responds that "the very fact that Defendant feels the need to qualify what its letter says is *a fortiori* proof that the letter itself is unclear." Pl.'s Br. 2. According to plaintiff, a sufficiently unambiguous collection letter would not require any explanation at all to be understood. *Id*. Plaintiff repeats her argument that the letter is confusing as to whether the payment must be sent or received by the date stated, and argues that the mailbox rule is irrelevant as the least sophisticated consumer would not be aware of the rule. *Id.* at 11–12.

Plaintiff fails to address the most important flaw defendant identifies with the complaint: even if the letter is ambiguous, it is not *materially* misleading. In *Cohen*, the Second Circuit joined several sister circuits in holding that § 1692e incorporates a materiality requirement. 897 F.3d at 85; *cf. Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) ("[C]ommunications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA."). To the extent the payment deadline provided in the letter is ambiguous, plaintiff has not pointed to any reason why this ambiguity would be material. An ambiguity that, in the worst-case scenario, would lead a consumer to mail her payment a few days earlier than necessary does not rise to the level of a materially misleading statement. Because there is no material misrepresentation at issue in this case, plaintiff has failed to state a claim under the FDCPA.

## CONCLUSION

For the reasons discussed above, I grant defendant's motion to dismiss. The Clerk of Court is directed to enter judgment accordingly and close the case.

So ordered.

Date:  August 28, 2019           __/s/_____

Brooklyn, New York                Allyne R. Ross
                                  United States District Judge